UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

                                 08 CV 01135 (JSR)

THERESA GARDNER,

                   Plaintiff,        FIRST AMENDED
                                    COMPLAINT
    -against-                   AND DEMAND FOR
                                    <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
BRIAN POLLOCK, SHIELD # 2711,
AND "JOHN DOE", EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                   Defendants.

-----------------------------------X

     1.     This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

<u>JURISDICTION</u>

     2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

PARTIES

3.  Plaintiff Theresa Gardner is a resident of New York City, New York County, State of New York.

4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

FACTS

9.  On or about October 11, 2007, at approximately 5:15 P.M., plaintiff, an African-American female, was walking north

2

with her niece on Lenox Avenue near 139th Street, in Manhattan when she was stopped by the defendant police officers and falsely accused of possessing illegal drugs.

10.  A few minutes before being stopped by the police, plaintiff had been in a shoe store on Lenox Avenue and 136th street, at which time she had dropped off three pairs of shoes for repairs.

11.  Then, she traveled northbound on Lenox Avenue and stopped into a pharmacy between 138th and 139th Street.

12.  Upon exiting the pharmacy, she arrived at the corner of 139th and Lenox Avenue when she was approached by a defendant officer, dressed in civilian clothes.

13.  He said, Come here".

14.  Plaintiff ignored him, not knowing who he was or why he was summoning her.

15.  Then, while waiting at the corner for the light to change, the officer came over to plaintiff and said, What is that?" while pointing at her mid-section.

16.  Plaintiff's niece said, "That's her stomach."

17.  Then, the officer reached under plaintiff's sweater and pulled it up, exposing plaintiff's bare belly.

18.  Then, he reached his hands into plaintiff's front pants pockets, and said, "What do you have?"

19.  The officer said, "You just came out of a drug-related area and I saw you put something in your pocket."

20.  Plaintiff said, "The pharmacy?"

21.  The officer said, "No."

22.   Plaintiff then said, "The shoe shop?"

23.   The officer said, "Yeah."

24.   Plaintiff then explained her reason for being in the shoe store, at which time the officer turned around and tried to walk away.

25.   Plaintiff asked for and obtained his badge number, which she believes to be Shield #2711.

26.   As a result of this unlawful seizure, constituting a violation of her civil rights, plaintiff suffered physical and psychological injuries, including trauma from this public humiliation.

27.   Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

28.   Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of illegal searches was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but the NYPD failed to take appropriate steps to eliminate such unlawful acts.

4

29.    Defendant,  among  other  deficiencies,  failed  to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

FIRST CAUSE OF ACTION FOR
VIOLATION OF 42 U.S.C. § 1983

30. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

31. As a result of their actions, Defendants, under "color of law", deprived Plaintiff of her right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

32. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

33.  As a direct and proximate result of the acts of defendants,  plaintiff  suffered  physical  and  psychological injuries, and endured great pain and mental suffering.

AS AND FOR A SECOND CAUSE OF ACTION
FOR A VIOLATION OF RIGHT TO PRIVACY

34. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

35. As a result of their actions, Defendants, acting under

"Color of law", deprived Plaintiff of her right to privacy in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

37.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

THIRD CAUSE OF ACTION
FOR VIOLATION OF 42 U.S.C. § 1983

38.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

39.  Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain.

40.  The officer's unlawful stop and seizure of Plaintiff was conducted absent reasonable suspicion, and evinces a policy and practice of the NYPD to violate the civil rights of plaintiff.

41.  As such, defendants have violated plaintiff's right to freedom from deprivation of liberty and amounted to a violation of her right to privacy without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the

Constitution of the United States and 42 U.S.C. § 1983.

42.  As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.


## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1985

43.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

44.  The N.Y.P.D.'s unlawful stop and seizure of Plaintiff occurring in a neighborhood of a population largely made up of African-Americans, was conducted absent reasonable suspicion, and evinces a policy and practice which violates the equal protection guarantees of the United States Constitution in violation of 42 U.S.C.§ 1985.

45.  By reason of said violations, Plaintiff has sustained serious, severe and permanent personal injuries, including but not limited to his aversion to going out in public as he is fearful about being continued harassment by the police.

46.  The aforesaid incidents and resulting injuries to Plaintiff were caused without any fault of Plaintiff contributing thereto.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C.§ 1985, and violated Plaintiff's rights under State law; and,

2.  Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.  Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4.  Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

8

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated: New York, New York
       March 7, 2008

                                **RESPECTFULLY,**

                                **STEVEN A. HOFFNER, ESQ.**
                                Attorney for the plaintiff
                                350 Broadway, Suite 1105
                                New York, New York 10013
                                (212) 941-8330
                                (SH-0585)

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       March 7, 2008

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

THERESA GARDNER,

                    Plaintiff,          FIRST AMENDED
                                         COMPLAINT
    -against-                        AND DEMAND FOR
                                         <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
"JOHN DOE (1) & (2)", EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                    Defendants.

-----------------------------------X


Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013
Phone:     212-941-8330
fax:       212-941-8137