UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

THERESA GARDNER,

                              Plaintiff,

                  -against-

THE CITY OF NEW YORK, N.Y.C POLICE OFFICER
BRIAN POLLOCK, SHIELD #2711, AND "JOHN DOE,"
EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

                              Defendants.

---------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT**

08 CV 1135 (JSR)

JURY TRIAL DEMANDED

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action, invoke the jurisdiction of the Court and base venue as stated therein.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Upon information and belief, Police Officer Brian Pollock has not yet been served with process in this action.

4. Defendant states that the allegations contained in paragraph "4" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and maintains a police department.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York trains police officers.

7. Denies the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to paragraph "30" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "33" as though fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to paragraph "38" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "37" as though fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to paragraph "43" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "42" as though fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore the City of New York is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52. Plaintiff may have failed to comply with New York General Municipal Law §§50-(e) and (i).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

53.     Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            April 3, 2008

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                     City of New York
>                   Attorney for Defendant City of New York
>                   100 Church Street, Room 3-208
>                   New York, New York 10007
>                   (212) 788-1895
>
>           By:     _____
>                   Jessica T. Cohen (JC 0044)
>                   Assistant Corporation Counsel

To:   Steven A. Hoffner, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 08 CV 1135 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA GARDNER,

                Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C POLICE OFFICER BRIAN POLLOCK, SHIELD #2711, AND "JOHN DOE," EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................,2007*

*................................................................ Esq.*

*Attorney for ................................................*

- 7 -